■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY PAINTER, Appellant.—Judgment, Supreme Court, New York County (Edward McLaughlin, J., at suppression hearing and plea; Edwin Torres, J., at sentencing), rendered January 19, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the second degree, and sentencing him to an indeterminate term of 6 years to life imprisonment, unanimously affirmed.

Defendant was observed by the police in the Washington Heights neighborhood of Manhattan near the George Washington Bridge, an area targeted for drug sales to out-of-State residents. He was seen anxiously clutching to his chest a white plastic bag which appeared to contain a rectangular object suggestive of a kilogram of cocaine. Prior to entering a car with North Carolina plates, defendant nervously looked around. The car, with defendant as a passenger and the driver later identified as Benjamin Fields, headed toward the entrance to the bridge, at which point the police officers following them sought to intercept the pair. The car swerved around an unmarked police car partially impeding traffic and a sergeant in civilian garb who displayed his badge, and the vehicle continued for two blocks until stalled by heavy traffic. Fields then abandoned the car and fled with the white plastic bag. Defendant, who was also attempting to exit the car, was forcibly stopped and frisked. A .38 caliber gun with five live rounds of ammunition and cocaine were confiscated from defendant's person. Fields was also subsequently subdued after a chase and the kilo of cocaine in the bag was recovered.

Following denial of his suppression motion, defendant on his appeal makes the same challenges to the propriety of the police conduct which we considered and rejected in connection with his accomplice in *People v Fields* (171 AD2d 244). Once again, we find them lacking in merit, and would simply note, on the same hearing minutes, that no significant police intrusion upon the movement of Fields or defendant occurred until the car was stopped by ordinary traffic, and police suspicions

escalated by reason of Fields' precipitous abandonment of the vehicle and his flight with the bag.

Accordingly, for the reasons stated in *Fields (supra)*, we affirm this conviction. Concur—Sullivan, J. P., Carro, Rosenberger, Wallach and Rubin, JJ.